IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RALPH NEWCOMB and JESSICA NEWCOMB, as next friends for B.N.; TODD MATHIS and LESLEY MATHIS, as next friends for H.M., | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:24-cv-00631 |
| | ) | Judge Aleta A. Trauger |
| WILLIAMSON COUNTY BOARD OF EDUCATION and STACEY EDMONDSON, in her official capacity as District Attorney for the 21st Judicial District of Tennessee, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Before the court is defendant Stacey Edmondson's Motion to Dismiss, supported by a Memorandum of Law. (Doc. Nos. 58, 59.) Finding that Edmondson is entitled to sovereign immunity based on the facts alleged in this case, the court will grant the motion and dismiss the single claim against her for lack of subject matter jurisdiction.

**I.    BACKGROUND**

The plaintiffs are two couples who bring claims on behalf of their minor children against the Williamson County Board of Education ("Williamson County" or the "County") and Stacey Edmondson, in her official capacity as the District Attorney for the 21st Judicial District of Tennessee. (Doc. No. 49, Second Am. Compl. ("SAC") ¶¶ 1, 10–13, 15.) The plaintiffs allege that their minor children, B.N. and H.M., were criminally prosecuted by Edmondson, in her official capacity, for allegedly violating Tenn. Code Ann. § 39-16-517(b), placed in solitary confinement,

strip searched, forced to undergo evaluations, and placed on house arrest. (*Id.* ¶ 5.) Against Edmondson, the plaintiffs "do not seek monetary damages . . . . Rather, they seek declaratory relief that their prosecution under Tenn. Code Ann. § 39-16-517, was unconstitutional as applied to the facts of their specific cases." (*Id.* ¶ 207.)

The SAC states in detail what happened in the Fall of 2023, during the minor plaintiffs' eighth grade years at their respective Williamson County, Tennessee middle schools, when they were wrongfully accused of making threats of "mass violence on school property," in violation of § 39-16-517(b), and suspended from school under the "zero tolerance" policy adopted as part of Tenn. Code Ann. § 49-6-3401(g)(2). (*See generally* SAC ¶¶ 22–171.) Based on these events, the plaintiffs assert (1) a claim under 42 U.S.C. § 1983 against Williamson County for violations of the students' rights to substantive due process, under the Fourteenth Amendment, arising out of the students' suspensions (*id.* at 35); and (2) a claim against Edmondson in her official capacity only, presumably under § 1983, for violating the plaintiff's Fourteenth Amendment rights to substantive due process, based on Edmondson's arbitrary and capricious decision to prosecute the students for violating Tenn. Code Ann. § 39-16-517. (*Id.* ¶ 204.) As noted, they request a judicial declaration that their prosecution violated their constitutional rights.

Defendant Edmondson seeks dismissal of the claim against her on the grounds that she is entitled to sovereign immunity because, as a state official sued in her official capacity, she is absolutely immune from suit, unless the suit falls within the narrow exception announced in *Ex parte Young*, 209 U.S. 123 (1908). She argues that, because the plaintiffs seek only a declaration that she violated their constitutional rights in the past, *Ex parte Young* does not save the claim. (Doc. No. 59 at 4–7.) Edmondson also asserts that the SAC fails to state a "justiciable" due process claim, because the plaintiffs lack standing to seek a "declaratory judgment about events that have

already occurred" and because such a claim against Edmondson is moot. (*Id.* at 7, 8.) Alternatively, she argues that the SAC fails to state a colorable substantive due process claim. (*Id.* at 9–12.)

The plaintiffs argue in response that the claim against Edmondson falls within the scope of *Ex parte Young*, because there is a "realistic possibility that [Edmondson] will take legal or administrative actions against the plaintiffs' interests" in the future, and they have "plausibly alleged that there is a 'credible threat of enforcement' of the statute against them, because the enforcement has happened." (Doc. No. 66 at 13, 14 (quoting *Fischer v. Thomas*, 52 F.4th 303, 307 (6th Cir. 2022)); *see also id.* at 15 ("[T]here is always the possibility [that if] the minor Plaintiffs [say] the wrong thing they could be prosecuted once again.").) They also maintain that they have standing, that their claim is not moot, and that their substantive due process claim satisfies the "shock[s] the conscience" test. (*Id.* at 22.)

Edmondson filed a Reply (Doc. No. 63), pointing out that the plaintiffs cannot supplement their pleading in response to a motion to dismiss, that the SAC does not allege facts suggesting that the minor plaintiffs plan to engage in conduct that might subject them to the challenged law in the future, and that the SAC does not state a claim for prospective relief. She also contends that the plaintiffs' other arguments are without merit.

## II.    ANALYSIS

Because Edmondson has raised sovereign immunity as a threshold defense to the court's subject matter jurisdiction, the court must address that issue first. *See Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (holding that once sovereign immunity is raised as a jurisdictional defect, it must be decided before the merits). Finding that Edmondson is entitled to sovereign immunity, the court does not reach the defendant's other arguments.

### A.      Rule 12(b)(1) – Legal Standard

A motion to dismiss for lack of subject matter jurisdiction can "challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). A facial attack—like the one here—is "reviewed under the same standard as is applied to a Rule 12(b)(6) motion: the court accepts the plaintiff's well-pleaded allegations as true and asks whether subject matter jurisdiction exists based on the complaint." *Wallace v. Greystone at the Highlands Ass'n*, No. 1:19-CV-1045, 2020 WL 6709743, at *2 (W.D. Mich. Nov. 16, 2020) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

### B.      Sovereign Immunity

District Attorneys General and their assistants prosecute suits on behalf of the State of Tennessee, receive salaries payable out of the state treasury, and therefore are employees of the State of Tennessee. *See White by Swafford v. Gerbitz*, 860 F.2d 661, 663 n.2 (6th Cir. 1988) (explaining that a cause of action against the district attorney or assistant district attorneys, in their official capacities, constitutes an action against the state because those individuals prosecute suits on behalf of the state and receive an annual salary payable out of the state treasury (citing Tenn. Code Ann. §§ 8-7-103, -105, -201). In other words, they are state officials.

The Eleventh Amendment "deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." *Russell*, 784 F.3d at 1046 (citation omitted). The State of Tennessee has not waived its immunity to this suit or generally to suits under § 1983, *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986), nor did Congress's passage of § 1983 abrogate the State's immunity, *Ladd v. Marchbanks*, 971 F.3d 574, 578 (6th Cir. 2020) (citing *Quern v. Jordan*, 440 U.S. 332,

345 (1979)). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, it is in actuality a suit against the State itself and, therefore, is generally barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

However, the doctrine announced in *Ex parte Young* provides another exception to sovereign immunity asserted by states and state officials. In order to fall within the *Ex parte Young* exception, a claim must seek prospective relief to end a continuing violation of federal law. *Diaz v. Mich. Dep't of Corrs.*, 703 F.3d 956, 964 (6th Cir. 2013); *see, e.g.*, *Carten v. Kent State Univ.*, 282 F.3d 391, 396 (6th Cir. 2002) ("[C]laims for reinstatement are prospective in nature and appropriate subjects for *Ex parte Young* actions."). On the other hand, "*all* retroactive relief," and not merely "retroactive monetary relief," is barred by the Eleventh Amendment. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 509 (6th Cir. 2008) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 10 (1984)); *see also Ladd*, 971 F.3d at 581 ("*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" (quoting *Verizon Md. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)).

## C. Application

The plaintiffs argue that Edmondson, "acting in her official capacity, approved and authorized the prosecution of B.N. and H.M. under Tennessee Code Ann. § 39-16-517" and that the exception to sovereign immunity announced in *Ex parte Young* applies to their claim against her, because, as District Attorney for Williamson County, she was responsible for the minor plaintiffs' prosecutions, which "were authorized and carried out under" Edmondson's "direction and control . . . acting in her official capacity." (Doc. No. 66 at 8; *see id.* at 11.) They argue that the court has subject matter jurisdiction under *Ex Parte Young* because:

despite the officer's actions being taken pursuant to state authority, they are treated as if they were the officer's purely personal actions—thus undeserving of immunity—on the assumption that the state cannot authorize an unconstitutional act. An officer's enforcement of an unconstitutional law, therefore, leaves him "stripped of his official . . . .character" and stripped of corresponding immunity from suit. This is the basic mechanism by which Plaintiffs seek to thwart defendants' assertion of sovereign immunity.

(*Id.* at 11–12 (first citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 272 (1997); then quoting *Ex parte Young*, 209 U.S. at 160; then citing *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1040 (6th Cir. 2022)).)

While acknowledging that *Ex parte Young* permits only "prospective" relief (*id.* at 13), the plaintiffs also characterize the case as barring monetary relief but permitting "certain suits seeking declaratory and injunctive relief." (*Id.* at 12 (quoting *Coeur d'Alene*, 521 U.S. at 269); *see also id.* (asserting that *Ex parte Young* "allow[s] [a] state official to be sued for violating federal law for non-monetary relief, like an injunction or, as in the instant case, declaratory judgment").) They assert that there is a "realistic possibility the official will take legal or administrative actions against the plaintiffs' interest," because she did so in the past, and, therefore, that Edmondson "may not invoke sovereign immunity from injunctive or declaratory relief." (*Id.* at 13.) From there, the plaintiffs proceed to argue that they can satisfy the *McKay* factors, from *McKay v. Federspiel*, 923 F.3d 862, 869 (6th Cir. 2016)—a test that applies to the analysis of whether a plaintiff has standing to bring a pre-enforcement challenge to a state law. They contend that *McKay* authorizes their lawsuit, because "there is always the possibility" that the minor plaintiffs could "say the wrong thing" and "be prosecuted again." (Doc. No. 66 at 15.)

The plaintiffs are simply mistaken. The SAC, as framed, asserts that Edmondson violated the minor plaintiffs' due process rights by prosecuting them in the past, as a result of baseless allegations lodged against them in the Fall of 2023. The SAC seeks a declaration that this past prosecution—which was wholly completed by the time the plaintiffs filed suit—violated the minor

plaintiffs' rights. (*See* SAC ¶ 207 ("The Plaintiffs . . . seek declaratory relief that their prosecution under Tenn. Code Ann. § 39-16-517 *was unconstitutional as applied to the facts of their specific cases*." (emphasis added)).) They do not seek relief that can be characterized in any sense as prospective. Most notably, they do not seek to enjoin Edmondson from continuing to violate their children's rights.

As set forth above, state officials sued in their official capacity are immune not only to suits for monetary relief but to all suits, however characterized, seeking retroactive relief. *See, e.g.*, *S & M Brands*, 527 F.3d at 507–08 ("Under the *Ex parte Young* exception, a federal court can issue *prospective* injunctive and declaratory relief compelling a state official to comply with federal law . . . . The *Ex parte Young* exception does not, however, extend to any *retroactive* relief." (emphasis added)).Even though the plaintiffs seek relief in the form of a declaratory judgment, rather than monetary relief, the declaration they seek is retroactive in nature, not prospective, because the plaintiffs ask the court to declare that Edmondson's behavior in the past violated the minor plaintiffs' constitutional rights.

Moreover, the SAC does not allege facts indicating that the minor plaintiffs intend to engage in behavior that might subject them to future enforcement of the challenged statute. The facts as alleged in the SAC concern only past activities. The *McKay* factors have no bearing here, because the issue is *not* whether the plaintiffs can establish "injury-in-fact for pre-enforcement standing purposes." *McKay*, 823 F.3d at 869. Nor do the other cases cited in the plaintiffs' Response call into question the requirement that, for the *Ex parte Young* exception to sovereign

immunity to apply, a plaintiff suing a state official in his official capacity must seek prospective relief, not merely non-monetary relief.[1]

Because the plaintiffs sue Edmondson in her official capacity for retroactive relief in the form of a declaration that she violated their constitutional rights in the past, the claim is barred by sovereign immunity under the Eleventh Amendment and must be dismissed for lack of subject matter jurisdiction.

## III.   CONCLUSION

Edmondson's Motion to Dismiss will be granted on the grounds of sovereign immunity. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge

---

[1] The plaintiffs have not sued Edmondson in her individual capacity. If they had, this claim, too, would likely be futile, because state prosecutors enjoy absolute immunity from suit under § 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 420, 431 (1976); *Howell v. Sanders*, 668 F.3d 344, 349 (6th Cir. 2012). That is, "[a] prosecutor is entitled to absolute immunity when [he] acts 'as an advocate for the State' and engages in activity that is 'intimately associated with the judicial phase of the criminal process.'" *Rieves v. Town of Smyrna*, 959 F.3d 678, 691 (6th Cir. 2020) (quoting *Prince v. Hicks*, 198 F.3d 607, 611 (6th Cir. 1999), and *Imbler*, 424 U.S. at 430–31 (1976)). The immunity afforded to prosecutors is not defeated by allegations that such officials acted maliciously or corruptly. In fact, "the Sixth Circuit has held that a prosecutor is absolutely immune from a lawsuit based upon the professional evaluation of evidence," and even the "knowing presentation of false testimony at trial." *Chase v. Funk*, No. 3:16-cv-01579, 2016 WL 7180150, at *3 (M.D. Tenn. Dec. 9, 2016) (citing *Ireland v. Tunis*, 113 F.3d 1435, 1445 (6th Cir. 1997), and *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003)).